IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

*vs*.                                            CRIMINAL ACTION NO. 1:09CR3

JOSEPH VAN SACH,
        Defendant.

## ORDER/OPINION

On the 25th of February, 2009, came the United States of America by David Godwin, Assistant United States Attorney for the Northern District of West Virginia, and also came the Defendant, Joseph Van Sach, in person and by his attorney, Scott Radman, for a hearing on "Motion for the Defendant Joseph Vansach to Represent Himself Pro Se with a Standby Counsel of Attorney Scott Radman" [Docket Entry 12], filed February 18, 2009.

Defendant, Joseph Van Sach, completed and submitted a CJA Financial Affidavit on or about October 24, 2008 [Docket Entry 1], on the basis of which Scott Radman was appointed to represent Defendant in this action [Docket Entry 2]. Defendant was Indicted, along with co-defendant Angel Roldan, by a Grand Jury sitting in the Northern District of West Virginia on January 6, 2009, on charges of "aiding and abetting each other at a place within the special maritime and territorial jurisdiction of the United States, mainly United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, did assault the person known to the Grand Jury as A.D. with a dangerous weapon, with intent to do bodily harm to A.D., without just cause and excuse, in violation of Title 18 USC sections 113(a)(3) and 7(3) and 2 (Count One), and individually on charges of being an inmate in the custody of the Bureau of Prison in possession of a prohibited object, to wit, an object that was designed and intended to be used as a weapon, in violation of Title 18, USC sections 1791(a)(2) and (b)(3) (Count Two). Defendant was arraigned on February 5,

2009, at which time he entered a plea of "Not Guilty." Defendant orally moved the Court to represent himself. The Court denied the motion at the time without prejudice. Defendant filed the present written motion timely on February 18, 2009.

The Court first addressed that portion of Defendant's motion wherein he, in addition to requesting the right to represent himself, requested "the right to being an inmate acting as a 'jailhouse lawyer", to aid and assist my co-defendants in their defense, to provide legal assistance to other inmates, to assist their attorney's in their defense of the criminal charges against them." The Court advised Defendant that permitting him to represent or even advise his co-defendant would amount to allowing him to practice law without a license. Further, there is no right to assist criminal co-defendants, especially where, as here, they have counsel. "[I]nmates have a right to receive legal advice from other inmates only when it is a necessary means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Shaw v. Murphy, 532 U.S. 223 at fn.3 (2001)(citing Lewis v. Casey, 518 U.S. 343(1996); Bounds v. Smith, 430 U.S. 817 (1977).

Defendant's Motion, insofar as it requests he be permitted to act as a "jailhouse lawyer' for his co-defendant, is therefore **DENIED**.

The Court next addressed Defendant's Motion to continue the appointment of counsel, Scott Radman, to act as standby counsel. The Court advised Defendant that Mr. Radman, if he agreed, would be appointed as standby counsel in accord with the law, but not to be his investigator or researcher. As the Court noted, Defendant has shown himself to be a good researcher and writer, clearly able to use the limited law library at Hazelton to represent himself. The Court further advised that if Mr. Radman had concerns about the scope of his representation, he could consult with

"resource counsel" with the Federal Public Defender's Office.

Finally, the Court excused counsel for the Government from the hearing, in order to take up Defendant's main motion– to be permitted to represent himself. The Sixth Amendment provides, in relevant part, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. Amend. VI. That right is a fundamental procedural right of persons accused of crimes. Indeed, "[o]f all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." Penson v. Ohio, 488 U.S. 75 (1988). On the other hand, courts must take care not to force counsel upon a defendant, because in addition to the right to the assistance of counsel, the Sixth Amendment implicitly provides an affirmative right to self-representation. See Faretta v. California, 422 U.S. 806 (1975). That right must be preserved even if the court believed that the defendant will benefit from the advice of counsel. See McKaskle v. Wiggins, 465 U.S. 168 (1984).

In order to assure the defendant does not waive his right to counsel involuntarily, the Fourth Circuit states:

> In order to preserve both the right to counsel and the right to self-representation, a trial court must proceed with care in evaluating a defendant's expressed desire to forgo the representation of counsel and conduct his own defense.
>
>> A trial court evaluating a defendant's request to represent himself must "traverse . . . a thin line" between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation. A skillful defendant could manipulate this dilemma to create reversible error.
>
> Fields v. Murray, 49 F.3d 1024 (4th Cir. 1965) . . . . Of the two rights, however, the right to counsel is preeminent and hence, the default position. Id. at 1028.

3

U.S. v. Singleton, 107 F.3d 1091 (4th Cir. 1997).

> The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

Id. (citing Johnson v. Zerbst, 304 U.S. 458 (1938)).

The Court proceeded to question Defendant regarding his education; any mental impairments; prior experience representing himself and with the legal process in general; legal training, if any; and his familiarity with the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and Local Rules of Criminal Procedure. The Court also inquired of Defendant regarding his understanding of his right to counsel and his waiver of that right. At the conclusion of the inquiry, Defendant stated that he continued in his desire to represent himself in this matter. He would do so regardless of whether Mr. Radman, or any attorney, was appointed as standby counsel.

Upon consideration of all which, the court finds:

1. Defendant is incarcerated;

2. Defendant has represented himself in criminal matters in the past;

3. Defendant has shown through his filings that:

    a. He is articulate;

    b. He has the ability to do legal research and writing; and

    c. He has facilities at his disposal to do legal research and writing.

4. Defendant's motion to represent himself is timely;

5. Defendant understands he will be required to follow the rules of the Court;

6. Defendant understands and accepts the risks associated with representing himself;

7. Defendant understands his ability to claim ineffective assistance of counsel is undermined

by his acting as his own counsel; and

8. The Court finds Defendant's decision to represent himself is made freely, knowingly, and voluntarily.

The Court next called counsel for the Government back into the hearing, at which time the AUSA expressed concerns regarding Defendant's motion to represent himself, including his belief that it was in an attempt to manipulate the court or make a mockery of the court. Nevertheless, counsel agreed that Defendant's right to represent himself was "pretty clear" at this point.

Based on all of the above, the Court finds that Defendant's decision to represent himself is clearly and unequivocally made. The decision is made knowingly, voluntarily, and intelligently. The motion was made timely and does not, of itself, impair the proceedings or affect the trial date. At this juncture, there is no evidence that the motion was made in order to manipulate the court. However, the Court reserves the right to change its decision in the event it appears Defendant is manipulating the court.

Defendant's Motion to Represent Himself Pro Se with a Standby Counsel of Attorney Scott Radman [Docket Entry 12] is **GRANTED**. Insofar, however, as the motion requests Defendant be permitted the right to act as a "jailhouse lawyer" for any other defendant(s), that portion of the motion is **DENIED**.

It is so **ORDERED**.

The District Clerk is directed to provide a copy of this order to counsel of record, Defendant *pro se*, and all involved agencies.

ENTERED; February 26, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE