IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
Plaintiff,

vs.                                                 CRIMINAL ACTION NO. 1:09CR3

JOSEPH VAN SACH,
Defendant.

## ORDER/OPINION, REPORT AND RECOMMENDATION

Defendant was Indicted, along with co-defendant Angel Roldan, by a Grand Jury sitting in the Northern District of West Virginia on January 6, 2009, on charges of "aiding and abetting each other at a place within the special maritime and territorial jurisdiction of the United States, mainly United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, did assault the person known to the Grand Jury as A.D. with a dangerous weapon, with intent to do bodily harm to A.D., without just cause and excuse, in violation of Title 18 USC sections 113(a)(3) and 7(3) and 2 (Count One), and individually on charges of being an inmate in the custody of the Bureau of Prison in possession of a prohibited object, to wit, an object that was designed and intended to be used as a weapon, in violation of Title 18, USC sections 1791(a)(2) and (b)(3) (Count Two). Defendant was arraigned on February 5, 2009, at which time he entered a plea of "Not Guilty."

An Initial Scheduling Order was entered February 9, 2009 setting trial for April 13, 2009, final pre-trial conference for April 8, 2009 and a motions filing deadline of February 23, 2009.

Prior to the close of the motions filing period, Defendant filed the following motions which have been specifically referred to the undersigned for resolution by Order of the District Judge entered February 19, 2009 (DE 31 and 44):

| | |
|---|---|
| DE 12 | Motion for the Defendant Joseph Vansach To Represent Himself Pro Se With A Standby Counsel Of Attorney Scott Radman |
| DE 13 | Motion For Leave To Proceed In Forma Pauperis |
| DE 14 | Motion For Bill Of Particulars |
| DE 15 | Motion To Dismiss The Charged Indictment Based On Subject Of Matter Of Jurisdiction |
| DE 16 | Motion For Speedy Trial |
| DE 17 | Motion To Dismiss The Indictment For Unreasonable Delay In Presenting The Indictment |
| DE 18 | Motion For Appointment Of An Investigator |
| DE 19 | Motion To Quash Indictment For Failure To Properly State The Criminal Offense |
| DE 20 | Motion For Early Return Of Subpoenas |
| DE 21 | Motion For Discovery And Inspection |
| DE 22 | Motion For Order Requiring The government To Pretrial Disclosure Of Any And All Confidential Informants Identity Within 90 Days Of Trial |
| DE 23 | Motion To Disclose Information |
| DE 24 | Motion For Immediate Disclosure Of Impeaching Evidence |
| DE 25 | Motion To Preserve Government Agents' Notes |
| DE 26 | Motion For An Order Requiring The Government To Give Notice Of It's Intention To Use Other Crimes, Wrongs, Or Acts Evidence |
| DE 27 | Motion For The Court Reporter To Take Voir Dire And Opening And Final Arguments To the Trial Proceedings |

DE 28           Motion Not To Be Tried In Prison Clothes

DE 29           Motion For Leave To File Additional Motions

The United States filed its Response To The Defendant's Various Pretrial Motions on March 5, 2009 (DE 45).

Upon consideration of said motions referred to the undersigned, the undersigned concludes as follows:

1)      DE 12 was previously disposed of by Order entered February 26, 2009 (DE 40).

2)      DE 13 Motion For Leave To Proceed In Forma Pauperis has no merit, has been rendered moot by DE 40 and is **DENIED**. Defendant has already been determined to be without sufficient funds or resources to afford counsel and stand by counsel has been appointed for him pursuant to the provisions of 18 USC §3006A. Defendant is not currently involved in a proceeding contemplated under 28 USC §1915(a)(1).

3)      DE 14 Motion For Bill Of Particulars is **DENIED**. A bill of particulars is appropriate only when the indictment fails to provide adequate information to Defendant in order for him to understand those charges and to avoid unfair surprise at trial. United States v. American Waste Fibers Co., 809 F.2d 1044, 1047 (4th Cir. 1987). A bill of particulars is not an appropriate tool to provide Defendant with additional discovery or a detailed disclosure of th government's evidence prior to trial. United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985). The subject case against Defendant is not a complicated case. It involves Defendant's alleged role in an assault on an inmate at USP Hazelton at approximately 7:30 am August 13, 2008 which was largely caught on the prison security cameras. This Court's Initial

Scheduling Order provided the Defendant with pretrial discovery within the meaning of FRCrimP 16 which Defendant has received.

4) DE 15 Motion To Dismiss The Charged Indictment Based On Subject Of Matter Of Jurisdiction. The undersigned **RECOMMENDS** this motion be **DENIED**. In this motion Defendant challenges that the land on which USP Hazelton was not ceded to the United States by the State of West Virginia and therefore the State still has jurisdiction over the facility. This is the same issue unsuccessfully raised by another inmate at USP Hazelton in the case of United States v. Uribe and Estremera, 1:07CR60. In that case, the government supplied and the District Judge received and accepted a letter dated December 21, 2001 from the then Attorney General of the United States to then governor of the State of West Virginia in which the Attorney General of the United States accepted concurrent jurisdiction over the lands comprising the United States Penitentiary Hazleton in accord with Chapter 1, Article 1, Section 3 and 4 of the West Virginia Code and Title 40, United States Code §3112. By return letter, Governor Wise of the State of West Virginia acknowledged Attorney General Ashcroft's acceptance. These documents were supplied to Defendant Van Sach in the Government's response to his motions. The legal description was attached to the Attorney General's letter to the governor. The alleged crime involved in the instant indictment occurred on August 13, 2008, approximately seven (7) years after the United States' acceptance of the lands on which Hazelton is located.

5) DE 16 Motion For Speedy Trial is **DENIED** as mooted by the Court's Initial Scheduling Order (DE 10) which provided Defendant with a trial on April 13, 2009, a date within the time limits set forth in 18 USC §3161. To the extent Defendant contends

his August 13, 2008 administrative segregation within USP Hazelton constitutes a triggering arrest within the meaning 18 USC §3161(b), Defendant is raising the same contention raised in and rejected by numerous courts including the Fourth Circuit. United States v. Beason, 128 Fed. Appx. 974 (4th Cir. 2005) (a decision not selected for publication holding that federal prisoner's confinement in administrative segregation did not equate to arrest or accusation for Sixth Amendment purposes and therefore a prisoner's pre-indictment detention in administrative segregation for eleven months did not trigger his speedy trial rights). The same decision has been rendered in United States v. Moore, 116 Fed. Appx. 421 (4th Cir. 2004)(also not selected for publication); Fisher v. Vannatta, 109 Fed. Appx 804 (7th Cir. 2004)(not selected for publication); United States v. Schaffer, 201 F.3d 449 (10th Cir. 1999); United States v. Jackson, 19 F.3d 30 (9th Cir. 1994)(unpublished); and United States v. Blevin, 593 F.2d 646 (5th Cir. 1979).

6) DE 17 Motion To Dismiss The Indictment For Unreasonable Delay In Presenting The Indictment. The undersigned **RECOMMENDS** this motion be **DENIED** for the reasons given with respect to DE 16, to wit: speedy trial rights do not attach upon administrative segregation; the delay of 4 to 5 months from date of alleged criminal act until indictment is not long; and Defendant has made no showing of how he is actually prejudiced by the lapse of time between August 2008 and January 2009.

7) DE 18 Motion For Appointment Of An Investigator is **now scheduled for the obligatory ex parte hearing on March 17, 2009 at 10:30 a.m**. Accordingly, decision on DE 18 is deferred pending the already scheduled hearing.

8) DE 19 Motion To Quash Indictment For Failure To Properly State The Criminal Offense. It is **RECOMMENDED** that Defendant's Motion To Quash be **DENIED**. Counts

One and Two of the Indictment are drawn in the language of each of the charging statutes. Indictments that track the statutory language are ordinarily sufficient. United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999). "To pass constitutional muster, an indictment must 1) indicate the elements of the offense and fairly inform the Defendant of the exact charges against him, and 3) enable the Defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299(4th Cir. 1998). Count One charges: 1. that the crime occurred in the Northern District of West Virginia on August 13, 2008; 2. that Joseph Van Sach and Angel Roldan aided and abetted each other; 3. that they were at USP Hazelton, a place within the special maritime and territorial jurisdiction of the United States at the time of the crime; 4. that they assaulted A.D. with a dangerous weapon; 5. that they intended to do bodily harm to A.D. and 6. that they were without just cause and excuse to attack A.D. Count Two charges: 1. that the crime occurred in the Northern District of West Virginia on August 13, 2008; 2. that the Defendant, Joseph Van Sach was an inmate at USP Hazelton at the time of the crime; 3. that at that time and place Defendant, Joseph Van Sach possessed a prohibited object that was designed and intended to be used as a weapon. Pursuant to Rule 7( c ) (1), each count makes a plain, concise and definite statement of the essential facts constituting the offense charged.

9)     DE 20 Motion For Early Return Of Subpoenas is **DENIED**. Defendant has failed to provide the Court with a list of names and addresses of witnesses leaving the Court in the blind. Defendant essentially wants the Court to give him a blank check to subpoena witnesses in without first permitting the Court the opportunity to scrutinize the relevancy of what the witnesses might be able to offer with respect to the charges

being tried and any legal or factual defenses thereto. This is best left to the date set by the initial scheduling order for disclosure of witnesses incident to the final pretrial.

10) DE 21, 22, 23, 24, 25, 26 and 29 Motion For Discovery and Inspection; Motion For Order Requiring The government To Pretrial Disclosure Of Any And All Confidential Informants Identity Within 90 Days Of Trial; Motion To Disclose Information, Motion For Immediate Disclosure of Impeaching Evidence, Motion To Preserve Government Agents' Notes, Motion For An Order Requiring The Government To Give Notice Of It's Intention To Use Other Crimes, Wrongs, or Acts Evidence are **DENIED** as having been rendered moot by the Court's Initial Scheduling order which provided Defendant with discovery in accord with Rule 16. With respect to confidential informants, the Government in its response asserts there are no confidential informants. Again the Government has asserted it will not be introducing other crimes evidence, Rule 404(b) evidence in its case in chief. Under the terms of the initial scheduling order, the time for filing motions has expired and will not be extended absent a showing of good cause and no good cause has yet been shown.

11) DE 27 and 28 involve trial issues and are deferred to the District Judge who will preside over the trial.

With respect to the Recommendations made in regard to the dispositive motions: DE 15, 17, and 19, any party may, within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Opinion/Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Opinion/Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this

Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

With respect to the decisions made by the undersigned relative to the non-dispositive motions: DE 12, 13, 14, 16, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29, it is so **ORDERED**.

The Clerk of the Court is directed to mail an authenticated copy of this Opinion/Order, Report and Recommendation to counsel of record and to send a copy of the same to the pro se Defendant by certified mail return receipt requested.

Respectfully submitted this 13th day of March, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE